By the Court:

If the object is to prove malice on the part of the magistrate, and that he acted without probable cause, the testimony of the witness is irrelevant and inadmissible ; because it is immaterial in the present action, which is in trespass for false imprisonment, whether it was so or not, provided he did not exceed his jurisdiction, which is a question depending upon other and different evidence. For if he has not exceeded his jurisdiction, he cannot be liable in the present form of action to the plaintiff. What is probable cause when supported by oath or affirmation, is a question for the consideration and decision of the magistrate, and however erroneously or maliciously he. may act in determining it, he cannot be liable for it in this form of action.
Mr. Boyers next offered in evidence the depositions of witnesses, taken on commission out of the State; on behalf of the plaintiff.
Mr. Bates objected to their admissibility, first, on the ground that it did not appear that they were taken by the commissioner. The caption of the depositions stated that they were taken before the commissioner at his office, with the usual jurat, “ sworn and subscribed before me, ” &c., at the close of each deposition. This was not sufficient. Porter v. Beltzhoover, 2 Harr. 484. Secondly, on the ground that the deposition of the first witness related to declarations of the defendant similar to those which had already been ruled out, as inadmissible in this action, by the Court.
Mr. Boyers contended that the commission had been' properly executed and was sufficiently certified to entitle the depositions to be read in evidence. As to the second *303 objection, he argued that as the Legislature had recently abolished the common law distinction between an action of trespass and an action on the case (Rev. Code, 379), there was now no difference between thena, and it was therefore competent for him in this action to show that the defendant had acted without probable cause, and had been actuated by malice in proceeding criminally in the matter against the plaintiff.

By the Court:

As to the first objection, we think it sufficiently appears from the caption and the jurat, that the depositions were taken by the commissioner. They were taken before Mm at bis office, and were swqm and subscribed before him, as appears upon their face, and the presumption under such circumstances would.be that they were taken by him. In regard to the other objection, so much of the depositions as related to declarations of the defendant, similar to those which had before been excluded, could not be read in evidence, for the reasons already stated. The statutory provision referred to by the counsel for the plaintiff, abolishing the distinction between case and trespass, does not and was not intended to have any such effect as to render such evidence admissible in the present form of action. It was never intended to confound all the rules of pleadings and evidence, heretofore respectively applicable to these two actions, and to blend and convert them substantially into one and the same form of action. It was only intended to meet those eases, which sometimes arise, in which the question, whether the wrong or injury complained of, was immediate, or consequential only, which is a question often nice and refined in its nature, and not unfrequentiy difficult to be determined. That is the leading and characteristic distinction between trespass and ease at common law, and that is the distinction, and the: only distinction between them, which the recent statute, as we understand it, was designed to alter and abolish.
The depositions were then read in evidence, which proved that the horse was taken without any violence from a ger *304 vont of the complainant, by the plaintiff fat another person, residing in Pennsylvania, under a claim of property.
Mr. Bates, on the plaintiff’s closing his evidence, moved a nonsuit. This whole proceeding, as appears from the evidence now before the Court, was an exercise of judicial authority on the part of the defendant within his jurisdiction, and however erroneous may have been his decision, if there was indeed any error in it, he is wholly irresponsible for it in any private action. ' The case is simply this : the defendant, being a justice of the peace for this county, á sworn complaint is made before him that an offence has been committed in the county, on which he issues a warrant for the arrest of the alleged offender, and on his being brought before him, and after hearing the sworn witnesses, adjudges that there is probable cause for holding the accused to bail for his appearance at Court to answer the charge, and for want of bail commits him to prison. The defendant as such magistrate was bound by his official obligation to decide that question of probable cause, and if he had refused to do so, he would have been himself criminally liable for a breach of his official duty. 2 Burr, 735. But it may be contended on the other side, that the fact charged by the sworn complaint on which he acted, as appears from the record, did not amount to a criminal offence, and therefore he acted without probable cause and without authority of law under the Constitution of the State. But the fallacy of this assumption, if it were true“ consists in supposing that the matter he is to decide, is what gives jurisdiction. The question of probable cause is a question which he is bound to decide, as I have before stated, and when he has decided that there is probable cause, however erroneous may be that decision, then he has jurisdiction, although it may turn out afterwards, on a further and fuller investigation before another tribunal, that there was in truth no probable cause for the accusation or proceeding before him. 10 Eng. C. L. R. 137; 12 Pick. 571. A judge, or justice of the peace, who has not exceeded his jurisdic *305 tian, is not liable in any civil action, however erroneous may be his decision or malicious his motives. 2 Saund. Pl. and Ev. 613; 5 Johns. Rep. 282. In every instance where an officer is required to exercise judgment in the discharge of his office, and he exercises that judgment, he is exempt from liability if he errs in that judgment. 2 Ld. Raym. 941; 1 Salk. 395; 1 East, 561; 1 Caines Rep. 92; 11 Wend. 91; 3 Howard, 97. Justices of the peace exercising such judgment in matters of criminal information, are exempt from liability for error in such judgment. 2 Burr. 735; 19 Eng. C. L. R. 11; 21 Wend. 552.
In the present case, which is certainly much clearer than the cases just cited, the facts charged in the sworn complaint, as appears from the record of the justice, may or may not amount to the crime of robbery; but whether they did or not, was the very question which the justice was to decide in the exercise of his judgment in regard to the matter, and this gave him jurisdiction; and if he erred in that judgment, he is exempt from all liability on account of it.
Mr. Rogers: I dispute the position assumed, and the principle of law asserted, by the counsel for the defendant. Such is not the law. A contrary doctrine is ruled by Lord Mansfield in the case of Wall v. McNamara, cited in Johnstone v. Sutton, 1 T. R. 536; 21 Eng. C. L. R. 20.
The complaint in this case before the defendant, as it appears from the record, does not afford the slightest ground for supposing that any criminal offence had been committed by the parties complained against to him, and it is impossible that the defendant could have fairly and impartially considered that there was any probable cause whatever for holding that such an offence as robbery, or any other criminal offence, had been committed.

By the Court:

The motion for a nonsuit must be granted. Looking to the record put in evidence in this case, and the proof which it supplies of the complaint made on oath, *306 upon Which the justice acted, no one can say that it is clear that there was no probable cause for believing that no criminal offence had been committed by the party complained against; and the very question presented, "whether there was probable cause for such a belief, growing out of a complaint on oath or affirmation, as the Constitution requires, gives the justice jurisdiction, and constitutes th'e preliminary question or inquiry lying at the very threshold of his jurisdiction; which he must consider, and which no one but he can determine when such a complaint is presented.- Whatever, then, may be his decision on such a question, when it arises on a complaint made before him in this manner, is a decision clearly within his jurisdiction ; and, whether right or wrong, he cannot be liable in a civil action to any one for it, because he is then acting in his official capacity as a judicial officer, and not as a man upon his private responsibility; and, if he could be sued for it, it ought to be as an-officer, and not as an individual. But to permit this would be to subvert the administration of justice, and would expose her tribunals to be invaded with civil actions against her judges by any one who might consider himself aggrieved by their decisions, notwithstanding he could not complain of any excess of authority or jurisdiction on their part. This would subject even the rightful administration of the judicial functions to the danger of their own destruction; for who would consent to hold a¡ judicial office if he was to be liable in a civil action to the party aggrieved for every error of judgment he might commit in the lawful exercise of tlm authority and jurisdiction conferred and imposed upon him ? Not many, we apprehend, would be willing to incur such a hazard and responsibility.
The cases cited in behalf of the defendant, and particularly the cases from 5 Johns. Rep. 282, 19 Eng. C. L. R. 11, and 21 Wend. 552, which are much stronger than the present case, clearly establish the principle that, where the committing magistrate has not exceeded his jurisdiction, he cannot be liable in any civil action, however erroneous *307 may have been his decision, or evén malicious may have been his motives. He may be impeached, or proceeded against in another form, and may be removed from office; but, without exceeding his official authority or jurisdiction, no civil action will lie against him.
Daniel Rogers, for plaintiff.
D. M. Bates, for defendant.